418 A.2d 602

**Virgil ROBINSON and Daniel Robinson, Executors of the Estate of Charles Robinson**

v.

**POCONO FUTURES, INC., and Leisurelife Corporation of America, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Feb. 8, 1980.

Henry M. Biglan, Hop Bottom, for appellants.

Michael Donahue, Scranton, for appellees.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

PER CURIAM:

Appellees contend that this appeal must be quashed because the order appealed from is interlocutory and the appeal is not authorized by statute. We agree and, accordingly, quash the appeal.

On March 4, 1975, appellees instituted a mortgage foreclosure action against appellants. On February 3, 1978, appellants filed and served upon appellees interrogatories and requests for admissions. On February 9, 1978, appellees filed objections to the interrogatories and a response to the requests for admissions. On July 27, 1978, the lower court entered an order directing appellants to amend their interrogatories and requests for admissions. Additionally, the court dismissed appellants' petition seeking a ruling that appellees made the requested admissions by failing to answer within ten days. On December 21, 1978, the lower court dismissed appellants' petition for reconsideration of its order of July 27, 1978. This appeal followed.

In *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974), our Supreme Court stated:

A final order is one which ends the litigation, or alternatively, disposes of the entire case. [Citations omitted.] Conversely phrased, "[a]n order is interlocutory and not final unless it effectively puts the defendant 'out of court.'" *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 463, 246 A.2d 353, 355 (1968) . . . .

.   .   .   .   .

"An order does not put 'a party out of court' unless it precludes proof of facts at trial, which if determined in favor of the pleader would provide him with a complete defense to the action." 431 Pa. at 463, 246 A.2d at 355.

.   .   .   .   .

"An interlocutory order is not appealable unless expressly made so by statute." *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 409, 246 A.2d 384, 386 (1968) . ..

456 Pa. at 404–05, 319 A.2d at 679. *See e. g., Mackowain v. Gulf Oil Corp.*, 369 Pa. 581, 87 A.2d 314 (1952) (order directing plaintiff to answer defendant's interrogatories not appealable as final order); *Glisson v. Carlin*, 204 Pa.Super. 335, 204 A.2d 285 (1964) (order striking defendants' interrogatories not appealable as final order).

The December 21, 1978, order clearly is interlocutory and appeal therefrom is not authorized by any statute.* Accordingly, we must quash this appeal.

Appeal quashed.

---

\* At the time this appeal was taken, our Court's jurisdiction over interlocutory appeals was governed by the following statutes and rules: 42 Pa.C.S.A. § 5105(c); 42 Pa.C.S.A. § 702(a); Former Pa.R. A.P. 311 (amended November 30, 1978, effective April 17, 1978) and accompanying note (interlocutory appeals as of right); and 42 Pa.C. S.A. § 702(b); Pa.R.A.P. 312 (interlocutory appeals by permission).