432 A.2d 1071

**Gus WILSON**

v.

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1981.

Filed July 24, 1981.

John G. Jenemann, Philadelphia, for appellant.

Drew S. Dorfman, Philadelphia, for appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

BROSKY, Judge:

This action, which stems from a disputed insurance claim, was commenced by appellee's filing of a motion to compel the appellant insurance company to appoint an arbitrator in accordance with its obligation under the insurance agreement. Appellant, the defendant below, made no answer to the motion which was granted on March 29, 1979. However, on April 19, 1979, appellant filed a petition to vacate the March 29 order. Appellee filed preliminary objections to that petition which appellant answered arguing that the filing of preliminary objections was an improper response to

his petition. By order of September 6, 1979, the preliminary objections were granted and appellant's petition was dismissed. This appeal is from the September 6 order. Because that order is interlocutory, the appeal is quashed.

The order is not a final one from which an appeal may be taken as a matter of right pursuant to Pa. R.A.P. 341. A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974) (citing cases); *Robinson v. Pocono Futures, Inc.*, 275 Pa.Super. 44, 418 A.2d 602 (1980). Because the order in question effectively compelled the appointment of an arbitrator but did not end the litigation, we conclude that it is interlocutory, and as such is not appealable unless expressly made so by statute or by the Supreme Court Rules which are promulgated pursuant to its statutory authority. *Piltzer*, supra. See also 42 Pa. C.S. §§ 1701, 5105 (Supp. 1980); Pa. R.A.P. 311. The insurance policy pursuant to which appellee sought arbitration makes no mention of the Arbitration Act of 1927[1] in its "arbitration" section.

The Act applies only to arbitration agreements which expressly or impliedly provide for its application as opposed to that of the common law. *P. Agnes, Inc. v. Philadelphia Police Home Association*, 439 Pa. 448, 266 A.2d 696 (1970). See *Wechsler v. Newman*, 286 Pa.Super. 81, 87 n. 5, 389 A.2d 611, 613 n. 5 (1978).

As our court stated in *Coleman v. Southeastern Pennsylvania Transportation Authority*, 233 Pa.Super. 441, 335 A.2d 413 (1975):

> . . . [T]he import of the cases is that when the agreement to arbitrate is not by itself determinative of the issue [of whether common law or statutory arbitration rules apply] then common law rules regulate the enforcement of the agreement and the award, unless, subsequent to the agreement, the parties, expressly or by implication, further agree that the Act . . . shall govern. (footnote

1. Act of April 25, 1927, P.L. 381, No. 248, § 1 et seq., 5 P.S. § 161 et seq.

deleted) (quoting *John A. Robbins Co., Inc. v. Airportels, Inc.*, 418 Pa. 257, 261, 210 A.2d 896, 898 (1965).

We find no evidence of an agreement made subsequent to the policy which made the Act applicable to this case. Since common law principles apply, rather than those of a statute, we hold the order is an interlocutory one, *Wechsler*, supra., and that it is not appealable as of right.

Finally, we note that an interlocutory appeal may be taken by permission pursuant to Chapter 13 of the Rules. Pa. R.A.P. 312 and 42 Pa. C.S. § 702(b). See, e. g. Pa. R.A.P. 1311. However, appellant did not invoke the procedure outlined in the Chapter 13. Since no permission was sought to take this interlocutory appeal, the appeal must be quashed.

Appeal quashed.