443 A.2d 1193

**John J. CASSIDY**

**v.**

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1982.

Filed April 2, 1982.

Dean B. Stewart, Norristown, for appellant.

Bernard V. Digiacomo, Norristown, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

PER CURIAM:

Appellant appeals from the May 22, 1981 order of the Court of Common Pleas of Montgomery County granting appellee's petition for the appointment of an arbitrator. Because that order is interlocutory we quash this appeal.

A final order is one which ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974) (citing cases); *Robinson v. Pocono Futures, Inc.*, 275 Pa.Super. 44, 418 A.2d 602 (1980). Since the order in question simply appointed a common law arbitrator but did not end the litigation, the order is interlocutory and not appealable by right. *Wilson v. Keystone Insurance Company*, 289 Pa.Super. 101, 432 A.2d 1071 (1981).[1]

Finally, we note that an interlocutory appeal may be taken by permission pursuant to Chapter 13 of the Rules. Pa.R.A.P. 312 and 42 Pa.C.S. § 702(b). See, e.g. Pa.R.A.P. 1311. However, appellant did not invoke the procedure outlined in Chapter 13. Since no permission was sought to take this interlocutory appeal, the appeal must be quashed.

Appeal quashed.

1. The insurance policy in question makes no mention of the Arbitration Act of 1927 in its "arbitration" section. Thus, the arbitration is at common law, the order is interlocutory and it is not appealable as of right. *Wilson v. Keystone Insurance Company, supra.*