307 Pa. Superior Ct. 288 (1982)
453 A.2d 356
William J. BRENNAN, III, Administrator of the Estate of William J. Brennan, Jr., and William J. Brennan, III, Administrator of the Estate of Evelyn M. Brennan
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant.
Superior Court of Pennsylvania.
Argued January 6, 1982.
Filed November 30, 1982.
*289 Roger Joseph Harrington, Philadelphia, for appellant.
Richard F. Furia, Philadelphia, for appellee.
Before SPAETH, CAVANAUGH and MONTEMURO, JJ.
*290 SPAETH, Judge:
This is an appeal from an order granting a petition to enforce an arbitration agreement. The appeal will be quashed.

-1-
The arbitration agreement in question is contained in the underinsured motorist provision of an insurance policy issued by appellant. Appellee made the provision an exhibit to his petition to enforce the arbitration agreement. R.R. 28a-29a. In its answer to the petition, appellant not only did not deny that the exhibit accurately stated the arbitration agreement, it repeated the terms of the agreement. R.R. 9a. The lower court concluded that as thus pleaded, the arbitration agreement provided for common law arbitration. Slip op. at 4-5. This conclusion was correct, and appellant does not dispute its correctness.
In these circumstances, appellant's appeal must be quashed. For we have held that an order directing common law arbitration is not an appealable order. Cassidy v. Keystone Ins. Co., 297 Pa.Super. 421, 443 A.2d 1193 (1982); Wilson v. Keystone Ins. Co., 289 Pa.Super. 101, 432 A.2d 1071 (1981).
In cases such as this, one must start by asking what sort of arbitration is involved. If the arbitration agreement provides for arbitration under the Pennsylvania Arbitration Act of 1927,[1] then an order granting a petition to enforce the agreement is appealable. It is, because a statute makes it so. 42 Pa.C.S.A. § 7320; Wilson v. Keystone Ins. Co., supra. If the arbitration agreement provides for common law arbitration, then the appealability of an order granting a petition to enforce the agreement is governed by general principle; there is no statute making the order appealable.
*291 As a matter of general principle, an order is not appealable unless it puts the appellant "out of court." Sometimes an order will not literally put the appellant out of court but still it will be appealable because as a practical matter the appellant will be unable to present his claim. Gordon v. Gordon, 293 Pa.Super. 491, 439 A.2d 683 (1981) (collecting cases).
An order refusing to direct common law arbitration is not appealable, for the appellant  the party objecting to the order  is not only not out of court, he is in court; that he is is the very basis of his objection. Thus there is nothing final, in any sense, about the order. Hiller v. Allstate Ins. Co., 300 Pa.Super. 149, 446 A.2d 273 (1982).
Where, instead of refusing to direct the court directs common law arbitration  which is what the lower court did here  it is not so obvious that the party objecting to the order is not as a practical matter sufficiently out of court to make the order appealable. Judicial review of common law arbitration is very narrow. A court may not vacate or modify an award "unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S.A. § 7341. If a party proceeds to common law arbitration without first asking a court to find that the matter at issue is not within the scope of the arbitration agreement, the party may not later seek to have the court vacate an adverse award on the ground that the arbitrators incorrectly determined that the matter was within the scope of the agreement. White v. Concord Mutual Ins. Co., 296 Pa.Super. 171, 179, 442 A.2d 713, 717 (1982).
Wilson v. Keystone Ins. Co., supra, does not cite any case holding that an order directing common law arbitration is not appealable. The authority on which Wilson relies are cases discussing the concepts of finality and appealability in general, e.g., Piltzer v. Independence Federal Savings and Loan Association of Philadelphia, 456 Pa. 402, 319 A.2d 677 (1974), and cases holding that orders refusing to direct *292 common law arbitration are not appealable, e.g., Wechsler v. Newman, 256 Pa.Super. 81, 389 A.2d 611 (1978). Nor does Wilson cite older Supreme Court cases where the Court did decide appeals from orders directing common law arbitration. E.g., Women's SPCA v. Savage, 440 Pa. 34, 269 A.2d 888 (1970); United Steelworkers of America v. Westinghouse Electric Corporation, 413 Pa. 358, 196 A.2d 857 (1964).
Nevertheless, we agree with, and reaffirm, Cassidy v. Keystone Ins. Co., supra, and Wilson v. Keystone Ins. Co., supra. Although a party such as appellant may in some sense be out of court, that is true only temporarily. The controversy is not concluded, and we see no compelling need for immediate appellate review. If the arbitration is permitted to proceed, the party initially objecting to arbitration may win. The party would then no longer be aggrieved and no appeal would be required. At worst, the party will have been required to participate in an unnecessary arbitration, but that is no different than the situation where a party is required to go to trial after a court erroneously refuses to sustain a demurrer to a complaint. Moreover, unlike ordinary litigants, parties to an arbitration agreement can ensure immediate appellate review merely by providing that their arbitration will be statutory, under the Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 et seq., rather than at common law. Although Cassidy and Wilson might appear to conflict with the older Supreme Court cases, nothing in those older cases suggests that the question of appealability was raised or considered.

-2-
Appellant claims that the arbitration agreement after all does not provide for common law arbitration but for statutory arbitration. If the record supported this claim, then, as we have discussed, the order of the lower court directing arbitration would be appealable.
In support of its claim that the arbitration agreement provides for statutory arbitration, appellant has attached to its brief, as Appendix "5", what purports to be an "Amendment" of its policy with appellee. This amendment provides *293 that "[a]rbitration shall be conducted in accordance with the provisions of the Pennsylvania Constitution Act of 1927."
We cannot give any effect to appellant's Appendix "5". As we have mentioned, as pleaded before the lower court the arbitration agreement provides for common law arbitration. The "amendment" to the agreement contained in Appendix "5" is not part of the record certified to us by the lower court, and including it in a brief does not make it part of the record. General Accident Fire & Life Assurance Corporation, Ltd., v. Flamini, 299 Pa.Super. 312, 317 n. 3, 445 A.2d 770, 773 n. 3 (1982). Appellant points to the code number of the amendment on the policy's declaration page, which is part of the record. The code number should perhaps have placed appellant on notice that there was another part of the policy that it might wish to make part of the record. But the code number did not bring before the lower court, and cannot bring before us, the text of the amendment. Therefore, although we acknowledge that the parties might have intended otherwise, so far as the record shows their agreement provides for common law arbitration. From that it follows that this appeal is premature and must be quashed. Cassidy v. Keystone Ins. Co., supra.
So ordered.
NOTES
[1] Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. § 161 et seq. The Act of 1927 was repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142, § 501(c), effective in 60 days. Statutory arbitration is now provided for by the Judicial Code, 42 Pa.C.S.A. §§ 7301-7320.