481 A.2d 654

**Catherine GARDNER**

v.

**PRUDENTIAL INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued June 27, 1984.

Filed Aug. 28, 1984.

Reid R. Coppock, Norristown, for appellant.

William E. Averona, Philadelphia, for appellee.

Before OLSZEWSKI, POPOVICH and CERCONE, JJ.

OLSZEWSKI, Judge:

This action stems from a disputed insurance claim. The instant appeal follows an order by the lower court appointing a neutral arbitrator and directing that arbitration take place in Philadelphia County. Appellant, Prudential Insurance Company, challenges the venue aspect of that order. Appellee has responded on the merits, but asserts that the trial court's order is interlocutory and nonappealable under Pa.R.A.P., Rule 311(a), 42 Pa.C.S.A.

We address initially the question of jurisdiction.[1]

Under 42 Pa.C.S. Sec. 7320(a)(1), a party may appeal an order denying a petition to compel arbitration. No statutory authority exists, however, for review of an order which compels the arbitration.

Appellant asserts that the order is appealable by right as a final order under 42 Pa.C.S. Sec. 742. As the lower court correctly notes, the argument is frivolous. The order by compelling arbitration forces the parties into, rather than out of, court. Lower court op. at 1.

Our research has unearthed inconsistent dictum in a recent case, *Brennan v. General Accident Fire and Life Ins. Corp.*, 307 Pa.Super. 288, 290, 453 A.2d 356, 357 (1982). There, while quashing an appeal from an order enforcing an agreement for common law arbitration, the court observed that 42 Pa.C.S. Sec. 7320 authorizes review of an order enforcing an agreement for statutory arbitration. The dictum, apparently a misreading of Sec. 7320, has no precedential value.

No other authority supports appeal of this order as a matter of right.

Appeal quashed.

1. We note that an interlocutory appeal may be taken by permission pursuant to Chapter 13 of the Rules. Pa.R.A.P., Rule 312, 42 Pa.C.S.A. and 42 Pa.C.S. Sec. 702(b); *see, e.g.* Pa.R.A.P., Rule 1311, 42 Pa.C.S.A. However, appellant has failed to follow the procedure outlined in Chapter 13.