EVANSVILLE–VANDERBURGH
SCHOOL CORPORATION,
Defendant-Appellant,

v.

EVANSVILLE TEACHERS ASSOCIA-
TION and Bruce Hatfield,
Plaintiffs-Appellees.

No. 1–1285A331.

Court of Appeals of Indiana,
First District.

June 23, 1986.

Jeffrey R. Frank, Frank & Collins, Ev-
ansville, for defendant-appellant.

Jack N. Van Stone, Van Stone & Kroch-
ta, Evansville, for plaintiffs-appellees.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Evansville-Vanderburgh School Corpora-
tion (School) appeals the order compelling
arbitration issued by the Gibson Circuit
Court. We affirm.

### FACTS

Bruce Hatfield was employed as a teach-
er by School for the 1985–86 school year.
School assigned Hatfield five class periods
plus one study hall per day. Contending
such assignment violated the contract be-
tween School and the Evansville Teachers
Association (Association) which limited
such assignments to five periods per day,
Hatfield initiated grievance procedures pur-
suant to the collective bargaining agree-
ment between School and Association.
Upon rejection of his grievance, Hatfield
requested arbitration as provided for at
pages 13–15 of the agreement. School re-
fused to arbitrate contending Hatfield's
grievance was not within the agreement.
Hatfield and Association then filed a com-
plaint in two counts, the first seeking an
order compelling arbitration, and the sec-
ond seeking an order directing School to
comply with the contract and unspecified
damages. The trial court entered an order
compelling arbitration, and it is from this
order that this appeal ensues.

### ISSUES

1. Is the order compelling arbitration an
appealable order?

2. Is the provision of a side letter agree-
ment between School and Association a
part of the collective bargaining agreement
and, therefore, subject to the arbitration
provisions of that agreement?

## DISCUSSION AND DECISION

*Issue One*:

School asserts the order compelling arbitration is an appealable final order. On the other hand, Hatfield and Association contend the order is interlocutory and not presently appealable. If Hatfield and Association are correct, the second issue presents nothing for our consideration at this time.

The question of whether an order compelling arbitration is appealable has been the subject of a substantial amount of litigation, and is one upon which the authorities are divided. *See generally Annot*. 6 A.L.R. 4th 654. One line of cases holds that an order compelling arbitration is a final judgment inasmuch as the order has disposed of the issue before the court and is appealable as a final judgment. *See Goodall-Sanford, Inc. v. United Textile Workers of America* (1957), 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031; *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.* (6th Cir.1983), 706 F.2d 155; *United Steelworkers of America v. Black, Sivalls & Bryson, Inc.* (8th Cir.1979), 608 F.2d 303; *Karavos Compania v. Atlantica Export Corp.* (2d Cir.1978), 588 F.2d 1; *Dewart v. Northeastern Gas Transmission Co.* (1953), 139 Conn. 512, 95 A.2d 381; *Cajun Electric Power Cooperative, Inc. v. Louisiana Power & Light Co.* (1976), La.App., 334 So.2d 554; *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Griesenbeck* (1967), 21 N.Y.2d 688, 287 N.Y.S.2d 419, 234 N.E.2d 456; *In re Wilaka Construction Co.* (1966), 17 N.Y.2d 195, 269 N.Y.S.2d 697, 216 N.E.2d 696.

On the other hand, several courts have held that orders compelling arbitration are interlocutory and not appealable. These cases hold the issue of whether arbitration was proper can and should be raised in an appeal from the order confirming the arbitrator's award. *See Graham v. Scissor-Tail, Inc.* (1981), 28 Cal.3d 807, 171 Cal. Rptr. 604, 623 P.2d 165; *North Broward Hospital Dist. v. William Passalacqua Builders, Inc.* (1975), Fla.App., 312 So.2d 206; *Bellaire City Schools Board of Education v. Paxton* (1979), 59 Ohio St.2d 65, 391 N.E.2d 1021; *Cassidy v. Keystone Insurance Co.* (1982), 297 Pa.Super. 421, 443 A.2d 1193; *Teufel Construction Co. v. American Arbitration Association* (1970), 3 Wash.App. 24, 472 P.2d 572.

Other cases have held orders compelling arbitration not appealable absent specific statutory authorization for such appeals, *e.g., Roeder v. Huish* (1970), 105 Ariz. 508, 467 P.2d 902; *Citizens National Bank v. Callaway* (1980), Tex.Civ.App., 597 S.W.2d 465, or that because orders compelling arbitration are not listed among those specifically designated as appealable in the arbitration statute such orders are not appealable.[1] *Harris v. State Farm Mutual Automobile Ins. Co.* (1973), Fla.App., 283 So.2d 147; *Maietta v. Greenfield* (1972), Md. App., 267 Md. 287, 297 A.2d 244; *Clark County v. Empire Electric, Inc.* (1980), 96 Nev. 18, 604 P.2d 352. These cases also hold that the issue of arbitrability may be raised in the appeal from the court's order confirming the award.

The rationale for holding orders compelling arbitration final and appealable is that the court has fully and effectively adjudicated the issue before it, and that delaying

---

1. The Indiana Arbitration Act, which is identical to the Uniform Arbitration Act, does not list orders compelling arbitration as appealable. The statute, Indiana Code section 34-4-2-19, provides:

"(a) An appeal may be taken from:
(1) an order denying an application to compel arbitration made under section 3 of this chapter;
(2) an order granting an application to stay arbitration made under section 3(b) of this chapter;
(3) an order confirming or denying confirmation of an award;
(4) an order modifying or correcting an award;
(5) an order vacating an award without directing a rehearing; or
(6) a judgment or decree entered pursuant to the provisions of this chapter.
(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

appeal until after arbitration compels the parties to engage in a useless arbitration proceeding if the order for arbitration was improper. As stated in *Cajun Electric*, at 555: "When the trial judge ordered arbitration, he passed on the merits of the case. Therefore, the trial court judgment is a final judgment." The court in *Cincinnati Gas & Electric* noted that an order which both compels arbitration and stays proceedings pending arbitration, although not final in the strictest sense, fulfills the finality requirement for purposes of appeal. 706 F.2d at 158.

The court in *Cincinnati Gas & Electric* noted the Second Circuit rule that an order compelling arbitration is appealable if made in an independent proceeding but not if it is part of ongoing litigation.[2] On the other hand, it has been held that the mere fact an order compelling arbitration is made on a motion in a pending action does not impair its finality or render it non-appealable. *Merril, Lynch.*[3]

The basis for the contrary holding that orders compelling arbitration are interlocutory and not appealable is aptly stated in *Bellaire City Schools*, 59 Ohio St.2d at 70, 391 N.E.2d at 1024:

"Numerous jurisdictions have held that if a court has retained jurisdiction over the parties, even though all issues have been referred to arbitration, the court's order to arbitrate and its stay of trial are final and appealable only after judgment is entered on the arbitration award. The rationale appears to be a compelling desire to avoid interlocutory appeals and a strong policy in favor of prompt resolution of disputes in accordance with written contractual arbitration clauses. [Ci-

tations omitted.] This court has, likewise, long favored enforcement of written arbitration clauses and the avoidance of interlocutory appeals. [Citations omitted.]

"We endorse the policy in favor of enforcing arbitration contracts to promote speed and efficiency and to lessen the burdens on the court system. To allow an immediate appeal from every order enforcing an arbitration clause would clearly defeat these policies. Moreover, the objective of prompt and orderly disposition of cases through the prohibition of interlocutory appeals would also be defeated if one could immediately appeal the order to arbitrate, then later appeal the arbitration order and any judgment remaining from the trial court."

While cases espousing this view hold that the issue of the right to arbitrate can be raised in an appeal from the order confirming the arbitrator's award, other courts have held it is then too late to raise that issue. According to the latter view, failure to appeal the order compelling arbitration waives the issue, and attempting to raise the issue on appeal from the confirmation order is an impermissible collateral attack. *Marchant v. Mead-Morrison Manufacturing Co.* (1929), 252 N.Y. 284, 169 N.E. 386, *reh. denied* 253 N.Y. 534, 171 N.E. 770; *C. Itoh & Co. v. Boyer Oil Co.* (1921), 198 A.D. 881, 191 N.Y.S. 290.

■ Upon consideration of the foregoing authorities, we are of the opinion that an order compelling arbitration is an appealable final order in an action solely for that purpose because such an order has fully

---

**2.** *Chatham Shipping Co. v. Fertex Steamship Corp.* (2d Cir.1965), 352 F.2d 291; *Wilson Bros. v. Textile Workers* (2d Cir.1955), 224 F.2d 176, *cert. denied* 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745.

**3.** In fact, the Second Circuit in *Compania Espanola de Pet., S.A. v. Nereus Shipping* (2d Cir. 1975), 527 F.2d 966, *cert. denied* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387, rejected an argument that an order of consolidation of causes and to arbitrate was not appealable, saying:

"The order not only mandated the procedural step of consolidation, it also obligated the parties to arbitrate, thereby affecting their substantive rights. We hold this order appealable. It finally adjudicated claims of right separable from, and collateral to, the rights that will be determined by the arbitrator. Those claims of right are too important to be denied review and too independent of the cause itself to preclude the parties from seeking appellate review until the arbitration is concluded."
*Id.* at 973.

decided the issue before the court. In determining what constitutes a final judgment, this court has stated that to be appealable as a final judgment, the judgment or order must finally determine the rights of the parties; or, if it does not dispose of all the issues, it will still be appealable if it disposes of some distinct and definite branch of the case leaving no further question to be determined as to that issue. *Hansbrough v. Indiana Revenue Board* (1975), 164 Ind.App. 56, 326 N.E.2d 599 (overruled on other grounds in *P.M. Gas & Wash Co. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592); *Krick v. Farmers and Merchants Bank* (1972), 151 Ind.App. 7, 279 N.E.2d 254, *trans. denied.* Under this definition, the order compelling arbitration in this case is appealable.

Here, however, the issue is clouded because the complaint seeking an order compelling arbitration was coupled with a second count seeking an order directing compliance with the contract and damages. The second count remains pending and unadjudicated.

Indiana Rules of Procedure, Trial Rule 54(B) provides:

"(B) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and

liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."

Here, the trial judge did not certify the order compelling arbitration as a final judgment as required by T.R. 54(B). Consequently, under T.R. 54(B) that order was not a final judgment, although it qualifies as such under the definition in *Hansbrough* and *Krick*. Because of the failure to follow the clear dictates of T.R. 54(B), the order here appealed was not appealable, as a matter of right, as a final judgment.

However, Indiana Rules of Procedure, Appellate Rule 4(E) provides:

"(E) Dismissal of Appeals. No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

We have declined to dismiss improperly brought appeals and retained jurisdiction of the appeal under A.R. 4(E) in cases of significant public interest and where the same issue would be raised in a new appeal. *Highland Realty, Inc. v. Indianapolis Airport Authority* (1979), 182 Ind.App. 439, 395 N.E.2d 1259. The issue of arbitrability is of such importance, particularly in view of the possibility of requiring the parties to submit to a useless and unnecessary arbitration proceeding in the event School is correct, that this case might well be one where exercise of appellate jurisdiction un-

der A.R. 4(E) might be proper. That question does not need to be decided, however.

■ We are not deprived of appellate jurisdiction. This court entered an order on March 13, 1986, upon School's petition, accepting jurisdiction of this case as an interlocutory appeal pursuant to Appellate Rule 4(B)(6).[4] Thus, this appeal is properly before us, and the order compelling arbitration is an appealable order. Because we hold the order compelling arbitration is appealable in this case, either as a final judgment as to that issue, or as a permitted interlocutory appeal, we do not pass upon School's contention that Art. 7, Sec. 6 of the Indiana Constitution which grants an absolute right to one appeal mandates the right to appeal the order compelling arbitration prior to arbitration. It seems to us that so long as an appeal is allowed at some stage, the constitutional mandate is met. However, as previously stated, withholding the right to appeal and compelling the parties to go through useless arbitration proceedings is counter-productive.

*Issue Two*:

School and Association entered into a written collective bargaining agreement for the school year 1984–85 effective October 10, 1984, and to continue in effect until June 30, 1985, and from year to year thereafter unless cancelled. That agreement contained a grievance procedure for "an alleged violation or misapplication of a specific provision of this Agreement," which grievance procedure ultimately led to arbitration. Contemporaneously with the negotiation of the collective bargaining agreement, a so-called "Side Letter Agreement" bearing date of October 9, 1984, was entered into between School and Association.[5] This Side Letter Agreement contained the provision which Hatfield contends was violated and which was the subject of his grievance.

■ School argues that only those matters contained in the written collective bargaining agreement are subject to the arbitration provision of that agreement. Because the provision which Hatfield claims was violated was in the Side Letter Agreement rather than in the main body of the collective bargaining agreement, School reasons Hatfield's grievance is not subject to arbitration. School cites *Flood v. Country Mutual Ins. Co.* (1968), 41 Ill.2d 91, 242 N.E.2d 149, for the proposition that parties are bound to arbitrate only those issues which by clear language they have agreed to arbitrate, and that agreements to arbitrate will not be extended by implication. *Flood* was cited with approval by this court in *Liddy v. Companion Insurance Co.* (1979), 181 Ind.App. 16, 390 N.E.2d 1022. We agree with the rule announced in *Flood*, but do not agree that *Flood* precludes arbitration in this case.

■ The Side Letter Agreement specifically provides: "This letter will serve to supplement the collective bargaining agreement ... The supplemental agreements set out below will remain in effect until the collective bargaining agreement is renegotiated." Supplemental Record at 7. This language effectively made the Side Letter Agreement a part of the collective bargaining agreement. *See, Pettus v. Dudley Bar Co.* (1928), Ala., 118 So. 153 (Contractor under contract with state to build a bridge subcontracted part of work. Subcontract referred to contract with state and provided: "This contract to become a supplement to your contract with [the state]." Held: As used in this instance, "supplement" extended or made applicable the original contract.); *Kenney v. Barry* (1932), 86 N.H.

---

4. In *Cassidy v. Keystone Ins. Co.* (1982), 297 Pa.Super. 421, 443 A.2d 1193, the court held an order appointing a common law arbitrator did not end the litigation, was an interlocutory order, and not appealable by right. However, the court noted that in Pennsylvania, interlocutory orders can be appealed by permission but that permission for an interlocutory appeal was not sought. Here a petition to accept jurisdiction of this case as an interlocutory appeal was filed and granted by our order.

5. It is not contended that the collective bargaining agreement and the Side Letter Agreement were other than in full force and effect at all times material to this case.

35, 162 A. 774 (phrase "supplementary agreements thereto" means agreements germane to the original contract). *See also, State ex rel. Daubenspeck v. Day* (1919), 189 Ind. 243, 123 N.E. 402; and *McCleary v. Babcock* (1907), 169 Ind. 228, 82 N.E. 453 (a "supplemental" act is one which supplies a deficiency, adds to, or completes, or extends that which is already in existence, without changing or modifying the original).

The Side Letter Agreement was part of the collective bargaining agreement, not separate and independent in and of itself. Being a part of the collective bargaining agreement, the provisions of the Side Letter Agreement were among the agreements subject to arbitration under the arbitration clause.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.