612 A.2d 517

**Debra PATTON**

v.

**HANOVER INSURANCE COMPANY and
J.C. Penney Insurance Company.**

**Appeal of J.C. PENNEY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 22, 1992.

Filed Aug. 26, 1992.

Michael E. Greenberg, Philadelphia, for appellant.

Frances Minnis, Philadelphia, for Patton, appellee.

Before ROWLEY, President Judge, and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County which denied appellant J.C. Penney Insurance Company's preliminary objections and compelled arbitration. Herein, appellant contends: 1) The order denying its preliminary objections to appellee's petition to compel arbitration is final and appealable; and 2) Appellee does not qualify as a "covered person" under the insurance policy issued by appellant and therefore is not entitled to compel arbitration under the terms of the insurance contract. Contrary to appellant's position, we find that the order in question is interlocutory. Accordingly, we quash this appeal.

The record reveals the following: In her petition to compel arbitration, appellee alleges that on January 24, 1990, she was a pedestrian who was lawfully crossing Broad Street at its intersection with Allegheny Avenue. While she was crossing the street, two uninsured motor vehicles collided which caused one of the uninsured vehicles to strike her. After hitting appellee, the uninsured vehicle struck motor vehicles owned by Adrienne Lauer and Linda Melvin. Ms. Melvin's car was insured by appellant, J.C. Penney Insurance Company. Appellee was injured as a result of her contact with the uninsured car. At the time of the accident, appellee neither owned a motor vehicle, nor did

she have any policy of insurance which would provide to her first party or uninsured motorist benefits.

Appellee made repeated demands upon appellant to settle or to submit the case to arbitration in accordance with the insurance policy in question. However, appellant refused, and appellee then petitioned the court to compel arbitration. Appellant responded by filing preliminary objections which alleged that appellee did not qualify as a "covered person" under the contract and therefore no agreement to arbitrate existed. Without explanation, the lower court entered an order denying the preliminary objections and directing the parties to arbitrate. This appeal followed.

First, we must address the question of whether the order dismissing appellant's preliminary objections and compelling arbitration is interlocutory. Generally, a final order is one which ends the litigation or disposes of the entire case. *Cassidy v. Keystone Ins. Co.*, 297 Pa.Super. 421, 421, 443 A.2d 1193, 1193 (1982), citing *Piltzer v. Independence Federal Savings and Loan Ass. of Philadelphia*, 456 Pa. 402, 319 A.2d 677 (1974). Since the order in question merely directed the parties to proceed to arbitration and did not end the litigation, the order is interlocutory and not appealable by right. *Cf., Cassidy, supra*, citing *Wilson v. Keystone Ins. Co.*, 289 Pa.Super. 101, 432 A.2d 1071 (1981) (order appointing arbitrator did not end litigation, and therefore it is interlocutory and not appealable by right); *Gardner v. Prudential Insurance Co.*, 332 Pa.Super. 358, 481 A.2d 654 (1984) (no statutory authority exists for review of an order which compels arbitration). See also *Rosenwald v. Barbieri*, 501 Pa. 563, 462 A.2d 644, 646 (1983), cert. denied, 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984) (appeal from the denial of preliminary objections is interlocutory and should be quashed); *Urbanao v. Meneses*, 288 Pa.Super. 103, 431 A.2d 308 (1981); Pa.R.App.P. 311, Interlocutory Appeals as of Right.

Further, we note that an interlocutory appeal may be taken by permission pursuant to Chapter 13 of the Rules of Appellate Procedure. Pa.R.App.P. 312 and 1301 *et seq.*

However, appellant has failed to invoke the procedure outlined in Chapter 13 of the Rules of Appellate Procedure. Since appellant has neglected to seek permission to appeal from an interlocutory order, Pa.R.App.P. 1311, the appeal must be quashed. See *Cassidy, supra.*

Appellant, however, contends that this order is final and appealable since the order "effectively puts [appellant] 'out-of-court' ". *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). Appellant argues that without immediate review of the order denying its preliminary objections, the question of whether appellee is a "covered person" will never be subjected to judicial review. In support of his argument, appellant cites to 42 Pa.C.S.A. § 7314(a)(1)(v) which provides:

(1) On application of a party, the court shall vacate an [arbitration] award where:

*     *     *     *     *     *

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under the provisions of section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

Appellant argues that since the lower court dismissed its preliminary objections, the lower court has effectively determined that an agreement to arbitrate exists, i.e., that appellee is a covered person" under the terms of the insurance contract.[1] Therefore, appellant submits that the lower court cannot *later* vacate an arbitrators award (assuming one is entered) on the grounds that an agreement to arbitrate did not exist. 42 Pa.C.S.A. § 7314(a)(1)(v).

▪ While it is unclear whether the trial court found appellee to be a "covered person" or whether the trial court

---

1. Although the lower court did dismiss appellant's preliminary objections, we note that nowhere in the record has the lower court specifically stated that appellee qualifies as a "covered person" under the insurance policy.

simply decided that question was one to be raised before the arbitrators, it is clear that the question of whether an agreement to arbitrate exists is one which the lower court must ultimately address once the issue is raised pursuant to 42 Pa.C.S.A. § 7304 or § 7314(a)(1)(v). Once appellee petitioned the lower court to compel arbitration and appellant denied the existence of an agreement to arbitrate, the lower court was required to "proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise the application [to compel arbitration] shall be denied." 42 Pa.C.S.A. § 7304(a). Clearly, once the question has been determined adversely by the lower court, we will be permitted to review that decision in a timely appeal. Cf., *In re Glover*, 137 Pa.Cmwlth. 429, 587 A.2d 25 (1991), allocatur denied 528 Pa. 633, 598 A.2d 286 (1991) (Commonwealth Court affirmed lower court determination that petitioner was not an "employee" as defined by the arbitration agreement and therefore petitioner was not entitled to compel arbitration). See also *Washington Ins. Co. v. Rosato*, 328 Pa.Super. 290, 476 A.2d 1334 (1984) (where lower court had power to hear question, lower court's resolution of that issue was proper subject of an appeal to the Superior Court); *Estate of Rosato v. Harleysville Mutual Ins. Co.*, 328 Pa.Super. 278, 476 A.2d 1328 (1984) (same).

■ Assuming the lower court has not already adversely determined this issue, appellants may raise the issue before the arbitrators. 42 Pa.C.S.A. § 7314(a)(1)(v). If the arbitrators find an agreement to arbitrate exists, the court must then review the question of whether such an agreement existed between the parties. *Id.*[2] It is true that a court's authority to vacate or modify an arbitration award is extremely limited pursuant to the Uniform Arbitration Act.

**2.** We note that the important question in this case is *not* whether an agreement to arbitrate is included within the contract of insurance, but rather is whether appellee is a "covered person" under the contract and thereby entitled to enforce the arbitration provision. *Cf., In re Glover, supra* (petitioner was not an "employee" as defined in contract and therefore was not entitled to compel arbitration).

See 42 Pa.C.S.A. § 7302(a); *Azpell v. Old Republic Ins. Co.*, 526 Pa. 179, 584 A.2d 950 (1991) (discussing the limited authority of a court to vacate a statutory arbitration award); *Popskyj v. Keystone Ins. Co.*, 388 Pa.Super. 429, 565 A.2d 1184 (1989), allocatur denied 525 Pa. 602, 575 A.2d 567 (1990) (same). However, the threshold question of whether an agreement to arbitrate exists is, by statute, one which the lower court, and necessarily this court, has the authority to adjudicate. *See In re Glover, supra;* 42 Pa. C.S.A. § 7304 and § 7314(a)(1)(v). Thus, assuming *arguendo* that the lower court concludes that appellee is a "covered person" and an arbitrators award is entered as a judgment, appellant may then raise the issue of the existence of an agreement to arbitrate before this court. Until then, however, it would be premature for this court to entertain the question.

Appeal quashed. Case remanded for further proceedings in accordance with the provisions of this opinion. Jurisdiction relinquished.

MONTEMURO, J., concurs in the result.