J-A11042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SA-FE WINDOWS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ADLAUR STT, L.L.C. | |
| Appellee | No. 2575 EDA 2014 |

Appeal from the Order Entered on August 6, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: June 2014 - 001189

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 17, 2015**

SA-FE Windows, Inc ("SA-FE"), appeals the order entered on August 6, 2014, denying SA-FE's petition to stay arbitration.  We must quash SA-FE's appeal for want of jurisdiction.

The trial court set forth the pertinent factual and procedural history of this case as follows:

> This case was commenced by petition [on] June 9, 2014, with [SA-FE's] petition to stay arbitration of non-arbitrable claims. Said petition argued that none of the contracts signed between [SA-FE] and [Adlaur STT, L.L.C. ("Adlaur")] required arbitration and that only Adlaur's breach of express warranty claim was within the scope of arbitration.  Thus, pursuant to 42 Pa.C.S. § 7304(b) and 42 Pa.C.S. § 7342(a), [SA-FE] requested that this court stay the arbitration proceeding that had been filed before the American Arbitration Association ("AAA").
>
> On June 25, 2014, [Adlaur] filed its response to [SA-FE's] motion, arguing that the matter was properly submitted to arbitration, as the warranty between the parties had an arbitration clause stating that any controversy arising from the

warranty shall be submitted for settlement by arbitration to and under the rules of the American Arbitration Association in Philadelphia, Pennsylvania.

On August 6, 2014, following a review of the record and appropriate briefs, the [trial court] denied [SA-FE's] petition.

On August 25, 2014, [SA-FE] filed a timely notice of appeal to the Superior Court.

On September 3, 2014, the [trial court] issued its order pursuant to Pa.R.A.P. 1925(b), directing [SA-FE] to file its concise statement of [errors] complained of on appeal within twenty-one days.

On September 19, 2014, [SA-FE] filed its statement of errors complained of on appeal, arguing that: the [trial court] erred when it concluded that the arbitrator had the jurisdiction to decide whether Adlaur's claims are subject to arbitration under the arbitration clause contained in the parties' contracts.

Trial Court Opinion ("T.C.O."), 11/18/2014, at 1-2 (capitalization modified; citations omitted).

SA-FE presents a single issue for our consideration:

Whether the trial court erred in holding that all Adlaur's claims in its demand for arbitration—as opposed to only the breach of express warranty claim—fall within the scope of the arbitration agreement contained in the warranty between SA-FE and Adlaur, thus resulting in the denial of SA-FE's request to stay the arbitration with regard to Adlaur's other claims?

Brief for SA-FE at 5 (capitalization omitted).

Although the parties do not dispute jurisdiction, we must determine whether this appeal is properly before us. "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." *Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 284-85 (Pa. Super 2013) (quoting *Johnston the Florist, Inc. v. TEDCO*

*Constr. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995)).  "As a matter of general principle, an order is not appealable unless it puts the appellant out of court."  *Brennan v. Gen. Acc. Fire & Life Ass. Co., Ltd.*, 453 A.2d 356, 357 (Pa. Super. 1982).

Pursuant to 42 Pa.C.S. § 7304(b), a party may ask that a trial court enter an order staying "an arbitration proceeding threatened or commenced."  The court shall "forthwith and summarily" determine the issue, and, if the court finds for the non-moving party, it shall order the parties to proceed with arbitration.  42 Pa.C.S. § 7304(b).

The appealability of a trial court order concerning whether certain claims fall within an arbitration clause is governed by 42 Pa.C.S. § 7320, which provides in relevant part as follows:

> **(a)  General rule.—**An appeal may be taken from:
>
> (1)  A court order denying an application to compel arbitration under section 7304 (relating to proceedings to compel or stay arbitration).
>
> (2)  A court order granting an application to stay arbitration made under section 7304(b).

42 Pa.C.S. § 7320.[1]  Thus, in effect, the statute expressly provides that orders that prevent arbitration from proceeding are immediately appealable.

---

[1]  On its face, section 7320 governs statutory but not common-law arbitration.  Subsection 7302(a) provides that "[a]n agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common[-]law arbitration)."  In this case, neither party contends that the warranty in
*(Footnote Continued Next Page)*

However, it conspicuously omits to make appealable orders that effectively direct arbitration.

We have held in clear terms that this omission precludes an immediate appeal from an order directing arbitration. *See Rosy v. Nat'l Grange Mut. Ins. Co.*, 771 A.2d 60, 61-62 (Pa. Super. 2001); *Campbell v. Fitzgerald Motors Inc.*, 707 A.2d 1167 (Pa. Super. 1998); *Gardner v. Prudential Ins. Co.*, 481 A.2d 654 (Pa. Super. 1984); *Brennan v. Gen. Acc. Fire & Life Ass. Co., Ltd.*, 453 A.2d 356 (Pa. Super. 1982). In addition to citing section 7320, in *Brennan*, we elaborated upon the principles underlying the asymmetry:

> Although a party . . . may in some sense be out of court [following an order directing common-law arbitration], that is true only temporarily. The controversy is not concluded and we see no compelling need for immediate appellate review. If the arbitration is permitted to proceed, the party initially objecting to arbitration may win. The party would then no longer be aggrieved and no appeal would be required. At worst, the party will have been required to participate in an unnecessary arbitration, but that is no different than the situation where a party is required to go to trial after a court erroneously refuses to sustain a demurrer to a complaint.

*(Footnote Continued)* ———————————

question prescribes statutory arbitration; to the contrary, the warranty calls for arbitration pursuant to AAA's procedures. Consequently, Subchapter B governing common-law arbitration applies to this case. However, section 7342 provides that section 7320, with one exception that does not apply to this case, also governs appealability in the context of common-law arbitration. 42 Pa.C.S. § 7342(a).

453 A.2d at 358. Our observation in **Brennan** regarding the worst case scenario is especially on point in this case, given that SA-FE concedes the arbitrability of Adlaur's breach of express warranty claim; it would seem that the parties will find themselves before an arbitrator regardless of the fate of Adlaur's other claims.

In the instant case, SA-FE has petitioned for a stay of arbitration proceedings, properly invoking the trial court's power to determine the scope of the arbitration agreement at issue in this case. The trial court conducted summary proceedings, after which it declined to stay arbitration, effectively directing arbitration. Such an order is not appealable under section 7320. Consequently, this Court lacks jurisdiction over SA-FE's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015