J-A10031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EUGENE CARELLI AND ANNIE CARELLI | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| STREAMLINE SOLUTIONS, LLC, STREAMLINE CONSTRUCTION MANAGEMENT, LLC, STREAMLINE GROUP, LLC, LION CONSTRUCTION, LLC, LION CONSTRUCTION MANAGEMENT, LLC, MICHAEL STILLWELL, AND US CAPITAL INVESTMENTS 7, LLC | : : : : : : : : : : | No. 2740 EDA 2024 |
| Appellants | : | |

Appeal from the Order Entered September 6, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220501614

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED JUNE 20, 2025**

Six corporate entities—Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; Lion Construction, LLC; Lion Construction Management, LLC; and US Capital Investments 7, LLC—and Michael Stillwell (collectively, "Appellants") appeal from the order principally denying their motion to stay arbitration. We quash.

Briefly, Eugene Carelli and Annie Carelli ("Appellees") began this action

_____

[*] Retired Senior Judge assigned to the Superior Court.

in 2022. Their complaint alleged a variety of claims stemming from the construction and subsequent repair of their home that was purchased in September 2018. However, the property's agreement of sale contained an arbitration provision, which required arbitration before the American Arbitration Association "in accordance with its Expedited Procedures of the Commercial Arbitration Rules." Agreement of Sale, dated 3/2/18, ¶ 11. Although the matter progressed on a parallel arbitration track for two years, Appellants, sensing that arbitration was imminent, nevertheless filed a motion in the court of common pleas to simultaneously stay the arbitration and/or vacate the arbitrator's determination that their dispute was arbitrable. In particular, Appellants asserted that Michael Stilwell, as an individual, was not bound by the arbitration provision.

> On August 5, 2024, [Appellees] responded to the [m]otion, arguing that the [m]otion was late, given that the [a]rbitration [p]etition had been filed in 2022. Moreover, [Appellees'] written submissions asserted that a coordinate judge had already reviewed the [a]rbitration [a]greement language and determined that Mr. Stillwell was a proper party to the [a]rbitation.
>
> Given that the issues raised before [the trial c]ourt appeared to relate to a convoluted matter already on appeal from a coordinate judge's [o]rder, [the trial c]ourt listed this matter for a status conference, *not argument*, on September 5, 2024. Following the conference, [the trial c]ourt read the [o]pinion of the coordinate judge, which similarly involved the [a]rbitration [a]greement used by [Appellants] and set forth that judge's determination that [(]a) Mr. Stillwell was a proper party to the [a]rbitration and [(]b) that the [a]rbitration [a]ward should be confirmed. Upon review of said [o]pinion and the parties' submissions in the instant matter, [the trial c]ourt subsequently issued its [o]rder. The [o]rder of September 5, 2024, was based solely on the written submissions of both sides – not the status conference – and relied upon the

substantive analysis already set forth in the [o]pinion of the coordinate judge.

Trial Court Opinion, 11/18/24, at 1-2 (unpaginated; parentheticals omitted; emphasis in original).

Appellants filed a notice of appeal from the court's order denying their motion to stay arbitration[1] and further filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Appellants present three issues, which, in the aggregate, contest the trial court's decision to allow the arbitration to proceed against six of the seven corporate entities[2] and Michael Stillwell. **See** Appellants' Brief, at 4.[3]

Preliminarily, we must ascertain whether this appeal is properly before this Court. "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." **Zitney v. Appalachian Timber Products, Inc.**, 72 A.3d 281, 284-85 (Pa. Super.

_____

[1] We note that following denial of their motion to stay, this matter proceeded to arbitration, which occurred September 9-11, 2024. The final arbitration award was entered and served on November 21, 2024, and Appellants filed a petition to vacate that award in the court of common pleas on December 20, 2024. If their petition to vacate is denied, which they assume is "likely," Appellants intend to file an appeal from that determination. **See** Appellants' Brief, at 9 n. 10.

[2] Appellants apparently concede that US Capital Investments 7, LLC, is a properly named party for arbitrability purposes. **See, e.g.**, Appellants' Brief, at 10.

[3] Appellants also raise a claim that the arbitrator did not have jurisdiction to adjudicate a dispute involving a "party wall." Appellants' Brief, at 4.

2013) (quoting ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995)). "As a matter of general principle, an order is not appealable unless it puts the appellant out of court." ***Brennan v. Gen. Acc. Fire & Life Assur. Corp., Ltd.***, 453 A.2d 356, 357 (Pa. Super. 1982).

Under 42 Pa.C.S. § 7304(b), a party may request that a trial court enter an order staying "an arbitration proceeding threatened or commenced." When faced with such a request, the court must then "forthwith and summarily" determine the issue, and, if the court finds for the non-moving party, it shall order the parties to proceed with arbitration. 42 Pa.C.S. § 7304(b).

Although orders "granting an application to stay arbitration made under section 7304(b)" are appealable, 42 Pa.C.S. § 7320(a)(2), the converse of such orders, orders that effectively direct arbitration, carry no such appealability. Indeed, this Court has held, on numerous occasions, that parties are foreclosed from appealing orders that direct arbitrations. ***See, e.g.***, ***Rosy v. Nat'l Grange Mut. Ins. Co.***, 771 A.2d 60, 61-62 (Pa. Super. 2001); ***Campbell v. Fitzgerald Motors Inc.***, 707 A.2d 1167, 1168 (Pa. Super. 1998); ***Gardner v. Prudential Ins. Co.***, 481 A.2d 654, 655 (Pa. Super. 1984); ***Brennan***, ***supra***, 453 A.2d at 357.

Notwithstanding the fact that this matter has already proceeded to arbitration, the language of ***Brennan*** is particularly apt:

> Although a party . . . may in some sense be out of court [following an order directing arbitration], that is true only temporarily. The controversy is not concluded, and we see no compelling need for immediate appellate review. If the arbitration is permitted to proceed, the party initially objecting to arbitration may win. The

party would then no longer be aggrieved[,] and no appeal would be required. At worst, the party will have been required to participate in an unnecessary arbitration, but that is no different than the situation where a party is required to go to trial after a court erroneously refuses to sustain a demurrer to a complaint.

453 A.2d at 358.

Here, while the Appellants properly motioned for a stay of arbitration, which allowed the court to perform oversight of the scope of the parties' arbitration provision, it declined to grant them relief and ruled that the matter should proceed to arbitration. This determination does not fit within any of the six enumerated orders that may be appealed from in this context. *See* 42 Pa.C.S. § 7320(a).[4] Accordingly, absent a properly appealed-from order, this Court lacks jurisdiction over Appellants' appeal, resulting in quashal.[5]

---

[4] **(a) General rule.**--An appeal may be taken from:

   (1) A court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration).

   (2) A court order granting an application to stay arbitration made under section 7304(b).

   (3) A court order confirming or denying confirmation of an award.

   (4) A court order modifying or correcting an award.

   (5) A court order vacating an award without directing a rehearing.

   (6) A final judgment or decree of a court entered pursuant to the provisions of this subchapter.

[5] DISTINGUISH **CHILUTTI** – not argued as collateral order here.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/20/2025</u>