532 A.2d 862

**SANITARY SEWER AUTHORITY OF the BOROUGH OF SHICKSHINNY, Appellee,**

v.

**DIAL ASSOCIATES CONSTRUCTION GROUP, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 1987.

Filed Oct. 19, 1987.

208

Frederick S. Wolf, Lebanon, for appellant.

Anthony B. Panaway, Wilkes–Barre, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

KELLY, Judge:

In this appeal we must determine whether the trial court acted properly in ordering a stay of an arbitration proceeding brought by the appellant, Dial Associates Construction Group ("Dial Associates"), against appellee, Sanitary Sewer Authority of the Borough of Shickshinny ("the Sewer Authority").[1] We reverse.

On June 11, 1984, the Sewer Authority and Dial Associates entered into a contract for sewer construction in the Borough of Shickshinny. The contract provided that all claims and disputes arising out of the contract would be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration

---

1. An order granting an application to stay arbitration made under 42 Pa.C.S.A. § 7304(b) is appealable as of right. *See* 42 Pa.C.S.A. § 7320(a)(2).

Association. A performance bond, guaranteeing the Sewer Authority that the project would be completed by Dial Associates in accordance with the contract, was issued by the United States Fidelity and Guaranty Company ("USF & G").

On December 10, 1985, the Sewer Authority brought suit under the performance bond against USF & G. The suit, brought in the Luzerne County Court of Common Pleas, alleged that Dial Associates had breached the construction contract, and that USF & G was therefore liable on the bond. In March 1986, USF & G joined Dial Associates as an additional defendant, alleging that, should the Sewer Authority prevail in its suit on the bond, USF & G would be entitled to indemnification from Dial Associates.

On July 28, 1986, a second action was instituted. Dial Associates filed for arbitration against the Sewer Authority with the American Arbitration Association, seeking damages for an alleged breach of the sewer construction contract.

Two months later, on September 30, 1986,[2] the Sewer Authority filed a petition in the Luzerne County Court of Common Pleas, requesting a stay of the arbitration matter pending final resolution of the common pleas action. At the time the Sewer Authority filed its petition, preliminary objections had been decided against USF & G in the common pleas action, and USF & G had filed an answer; Dial Associates had filed neither preliminary objections nor an answer to the complaint joining it as an additional defendant. The trial court, "[c]onsidering the time and effort already consumed in the lawsuit instituted in the [court of common pleas]," held that "a termination of that suit and the instigation of arbitration proceedings would be an unnecessary burden on both ... Sewer Authority, the other Defendants in that suit, and the Common Pleas Court." (Trial ct.op. at 4). Accordingly, the trial court granted the petition, and stayed the arbitration proceeding.

2. The trial court found as a fact that the Sewer Authority received Dial Associates' request for arbitration on August 29, 1986.

On appeal, Dial Associates asserts that the trial court erred in granting the stay without first determining whether the claim brought by Dial was, pursuant to the contract, subject to arbitration. According to Dial Associates, under 42 Pa.C.S.A. § 7304(b) and the relevant caselaw, in determining whether such an arbitration stay request should be granted, a court must limit its inquiry to the question of whether the parties agreed that the claim would be determined by arbitration; only if the court determines that the claim or dispute does not fall within the arbitration clause of the contract may the petition for a stay be granted.

■ The relevant statute, 42 Pa.C.S.A. § 7304(b), provides:

### § 7304. Court proceedings to compel or stay arbitration

\* \* \* \* \* \*

(b) Stay of arbitration.—On application of a party to a court to stay an arbitration proceeding threatened or commenced *the court may stay an arbitration on a showing that there is no agreement to arbitrate.* When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

(Emphasis added). When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision. *Muhlenberg Twp. School District Authority v. Pennsylvania Fortunato Construction Co.,* 460 Pa. 260, 262, 333 A.2d 184, 186–7 (1975); *Wolf v. Baltimore,* 250 Pa.Super. 230, 234, 378 A.2d 911, 912 (1977). *Accord: Kardon v. Portare,* 466 Pa. 306, 353 A.2d 368 (1976); *Hoffman v. Gekoski,* 250 Pa.Super. 49, 378 A.2d 447 (1977). In accordance with the general policy favoring the

arbitration of contractual differences, an order enjoining arbitration of a particular grievance should not be granted unless it can be said with positive assurance that the agreement involved is not susceptible of an interpretation that covers the asserted dispute. *Wolf v. Baltimore, supra,* 378 A.2d at 912, *citing Lincoln Sys. of Educ. v. Lincoln Ass'n of Univ. Professors,* 467 Pa. 112, 354 A.2d 576 (1976).

■ The trial judge in the instant case did not address the question of whether the dispute involved in the arbitration action falls within the scope of the arbitration provision. The court distinguished Section 7304(b) and the above-cited cases, stating that they pertain only to the manner in which a court may decide the validity and enforceability of an arbitration clause, rather than the enforceability of an arbitration clause once suit has been filed and commenced in the court of common pleas. The trial court stated further that the real issue in the instant case is whether, after a common pleas suit has been filed, the court is required to divest itself of jurisdiction in order to enforce an arbitration agreement. The court reasoned that it has jurisdiction over the dispute even though a valid arbitration agreement exists, and since time and effort have already been consumed in the common pleas action, the arbitration proceedings should be stayed. We disagree with both the reasoning and the result reached by the trial court.

First, it is clear that the application of 42 Pa.C.S.A. § 7304(b), set forth in full, *supra,* is not limited to situations where a common pleas action has not already been instituted. Subsection c of Section 7304 provides:

(c) Venue.—If a controversy alleged to be or not to be referable to arbitration under the agreement *is also involved in an action or proceeding pending in a court having jurisdiction to compel or stay arbitration* the application shall be made to that court....

(Emphasis added). Section § 7304(b), which states that "the court may stay an arbitration on a showing that there is no agreement to arbitrate," applies in cases where the

litigation in progress is limited to the arbitration, as well as in cases where a common pleas suit has been instituted prior to the arbitration request.

Furthermore, the question of whether the trial court had jurisdiction to decide the common pleas action is irrelevant to the question of whether the arbitration proceeding should be stayed.[3] In deciding whether the arbitration should be stayed, the central focus lies on the issue of whether the parties agreed to arbitrate and whether the dispute involved in the arbitration proceeding falls within the arbitration clause. 42 Pa.C.S.A. § 7304(b); *supra; Muhlenberg Twp., supra; Wolf v. Baltimore, supra.*

The trial court erred in failing to determine whether the dispute involved in the arbitration proceeding is covered by the arbitration clause of the contract. Although we could vacate the order granting the stay and remand the case for the trial court to make this determination, the issue is one of law rather than fact; in the interest of judicial economy, we shall examine the dispute, along with the arbitration

---

**3.** The trial court's observation that an arbitration clause does not affect the jurisdiction of the court is correct. *See Univ. Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 180 A.2d 427 (1962); *Kwalick v. Bosacco,* 329 Pa.Super. 235, 478 A.2d 50 (1984); *Woodward Heating v. American Arbitration Ass'n,* 259 Pa.Super. 460, 393 A.2d 917 (1978); *Chelwyn Associates v. Lupowitz,* 256 Pa.Super. 159, 389 A.2d 649 (1978). Had the trial court been determining the question of whether *the common pleas action* should be stayed, the issue of its jurisdiction to decide the controversy might have been relevant. However, the trial court under such circumstances should observe that, although it does indeed have the *power* to hear controversies within its subject matter jurisdiction, this does not preclude a lower court's *deference* to a contractually agreed-upon arbitration forum. *Wechsler v. Newman,* 256 Pa.Super. 81, 90, 389 A.2d 611, 615 (1978) (emphasis in original). As stated by our Supreme Court in *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 133, 209 A.2d 810, 816 (1965):

> [W]hile private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum where such agreement is not unreasonable at the time of litigation.

To date, the parties in the instant case have not filed a request to stay the common pleas action or to transfer the common pleas matter to arbitration. Such a motion would appear appropriate in this case.

clause, and reach a legal conclusion. *See Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A.2d 846, 848 (1967); *In Re Meyers*, 410 Pa. 455, 189 A.2d 852, 857 (1963) (if relevant facts are undisputed, reviewing court can draw appropriate conclusions regardless of action of trial court). If we determine that the dispute falls within the arbitration clause, we must reverse the order granting a stay of the arbitration. *See Lincoln Sys. of Ed. v. Lincoln Ass'n of Univ. Profs.*, *supra.*

■ The contract called for Dial Associates to construct sewer lines in the borough of Shickshinny; in exchange, the Sewer Authority agreed to pay Dial Associates $667,470.00. The arbitration provision, contained in Article 16 of the contract, states:

> *All claims, disputes and other matters in question arising out of, or relating to this Agreement or the breach thereof* ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law.

(Emphasis added). In its demand for arbitration, Dial Associates alleged that the Sewer Authority violated the contract terms by, *inter alia,* refusing to pay estimates, refusing to make unit price adjustments where warranted, and intentionally acting to prevent Dial Associates from completing the job.

The parties agreed that all claims arising out of the contract would be subject to arbitration. Clearly, the dispute which is the subject of the arbitration matter, alleging a breach of the contract, is covered by the broad language of the arbitration provision. We therefore conclude that the matter is properly the subject of arbitration, and the trial court erred in granting a stay of the arbitration matter. The order of the trial court is reversed, and the stay of arbitration is set aside.

Order reversed.