578 A.2d 1326

**CANTER'S PHARMACY, INC. d/b/a Westbrook Pharmacy and Surgical Supply, Appellant,**

**v.**

**ELIZABETH ASSOCIATES.**

Superior Court of Pennsylvania.

Argued March 13, 1990.

Filed Aug. 14, 1990.

506

Ernest W. Baum, Bethel Park, for appellant.

Harold K. Waldman, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and FORD ELLIOTT and BROSKY, JJ.

CIRILLO, President Judge:

 Westbrook Pharmacy and Surgical Supply ("Westbrook") appeals from an order entered on June 2, 1989, in the Allegheny County Court of Common Pleas granting Elizabeth Associates' motion to stay the proceedings pending arbitration. We reverse.[1]

1. Clearly, an appeal as of right may be taken only from a final order. Pa.R.A.P. 341. A final order is one that 1) ends the litigation; 2) effectively puts the litigant "out of court"; or 3) precludes a party from presenting the merits of his or her claim to the trial court. *Fried v. Fried,* 509 Pa. 89, 93–94, 501 A.2d 211, 213 (1985). While an order denying a petition to proceed to arbitration is an appealable order, 42 Pa.C.S. § 7320(a)(1), no statutory authority permits appellate review of an order granting a petition to proceed to arbitration. 42 Pa.C.S. § 7320; *Gardner v. Prudential Insurance Company,* 332 Pa.Super. 358, 359, 481 A.2d 654, 655 (1984); *Brennan v. General Accident Fire and Life Assurance Corporation, LTD,* 307 Pa.Super. 288, 290, 453 A.2d 356, 357 (1982). In *Brennan* and *Gardner,* the appellant was attempting to appeal from an order directing the parties to proceed to arbitration. Here, the order did not expressly direct or compel the parties to proceed to arbitration. Rather, the trial court stayed the proceedings pending arbitration. The effect of the instant order, however, is identical to the orders entered in *Brennan* and *Gardner:* no proceedings will take place in the court of common pleas until the arbitration process has concluded.

In any event, an order temporarily staying proceedings is generally not appealable. *Reynolds Metals Company v. Berger,* 423 Pa. 360, 362, 223 A.2d 855, 856–857 (1966). However, if the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

Therefore, a consideration of the practical effects of the stay order on appellant's cause of action is an essential prerequisite in determining whether the order appealed from is interlocutory.

On January 7, 1987, Schneider Health Services, Inc. ("SHS"), Orrie M. Rockwell, Jr., and Westbrook entered into a partnership agreement for the purpose of operating a personal care facility in Elizabeth, Pennsylvania. The partnership was conducted under the name of Elizabeth Associates ("Elizabeth"). The partnership agreement contained an arbitration provision:

> *Arbitration.* If for any reason the Partners cannot agree in a matter or matters of Partnership affairs, the dispute shall be decided by a majority decision of three (3) arbitrators, by which the Partners agree to abide. Each Partner shall have the right to appoint one arbitrator. The decision of the arbitrators shall be final, and the cost of the same shall be borne equally by the Partners.

After the partnership commenced operations, it began to suffer financial losses which required, pursuant to the agreement, additional capital contributions by the partners. Disputes arose concerning the extent of the losses and the management of the partnership. In sum, Westbrook refused to contribute any additional operating capital.

On January 24, 1989, Elizabeth instituted a civil action in the Allegheny County Court of Common Pleas against Westbrook to recover capital contributions allegedly owed by Westbrook to the partnership. On March 7, 1989, Westbrook responded by answering Elizabeth's complaint and filing a counterclaim against Elizabeth seeking equitable relief in the form of a partnership accounting and a dissolution of the partnership. Subsequently, on March 8, 1989, Westbrook commenced a separate equity action alleging various breaches of the partnership agreement. Elizabeth did not respond to this separate equity action.

*Philco Corporation v. Sunstein,* 429 Pa. 606, 609–610, 241 A.2d 108, 109–110 (1968) (footnote omitted). Instantly, as the following discussion will illustrate, the practical effect of staying these proceedings pending arbitration is to deny Westbrook's request to dissolve the partnership at-will. Therefore, since we conclude that this order is sufficiently final, we will permit the appeal. *Fried, supra; Philco Corporation, supra.*

On March 28, 1989, the trial court granted Westbrook's petition to consolidate the civil action commenced by Elizabeth with the equity actions instituted by Westbrook.[2] On May 10, 1989, Elizabeth filed a motion to stay the consolidated proceedings pending arbitration pursuant to the arbitration provision in the partnership agreement. *See* 42 Pa.C.S. §§ 7303, 7304. On June 2, 1989 the trial court entered an order staying the proceedings pending arbitration, and this timely appeal followed. Westbrook presents one issue for our consideration:

When a contract contains a provision that all disputes arising under the contract will be decided by Arbitration, can the parties, by their conduct, waive or revoke the Arbitration provision and resort to suit under the jurisdiction of the Court of Common Pleas?

■ It is well settled that when one party to an agreement seeks to prevent the other from proceeding to arbitration, our inquiry is limited to determining whether an agreement to arbitrate was entered into and whether the dispute involved is within the scope of the arbitration provision. *Flightways Co. v. Keystone Helicopter Co.*, 459 Pa. 660, 663, 331 A.2d 184, 185 (1975); *Sanitation Sewer Authority v. Dial Associates Construction Group, Inc.*, 367 Pa.Super. 207, 210, 532 A.2d 862, 863 (1987). Additionally, pursuant to the policy favoring arbitration, an order enjoining arbitration of a grievance should not be granted unless it is clear that the agreement involved is not susceptible of an interpretation that covers the asserted dispute. *Sanitation Sewer Authority*, 367 Pa.Super. at 210–211, 532 A.2d at 862–863.

■ Westbrook maintains that since its separate equity action seeking dissolution of the partnership cannot be heard in arbitration that these consolidated actions are not subject to arbitration. We agree.

2. Since the trial court granted Westbrook's petition to consolidate Elizabeth's civil action with Westbrook's equity actions, we can assume that this case was proceeding in equity. *See* Pa.R.C.P. 2129.

It is clear that in certain circumstances a partnership may be dissolvable by the express will of any partner at any time. *Girard Bank v. Haley et al.*, 460 Pa. 237, 243, 332 A.2d 443, 446 (1975). As the following discussion will illustrate, Westbrook's filing of an equity action seeking a dissolution effectively expressed its desire to dissolve the partnership at-will.

> Dissolution of a partnership is caused under ... 59 P.S. § 93 (1964), "by the express will of any partner." [3] The expression of that will need not be supported by any justification. *If no "definite term or particular undertaking [is] specified in the partnership agreement," such an at-will dissolution does not violate the agreement between the partners; indeed, an expression of a will to dissolve is effective as a dissolution even if in contravention of the agreement.* ... We have recognized the generality of a dissolution at will. *See Lacey v. Rutter*, 358 Pa. 502, 57 A.2d 679 (1948).... If the dissolution results in breach of contract, the aggrieved partners may recover damages for the breach and, if they meet certain conditions, may continue the firm business for the duration of the agreed term or until the particular undertaking is completed.

*Haley*, 460 Pa. at 243, 332 A.2d at 446–447 (citations and footnote omitted, emphasis added). The concept is simple: one cannot be coerced to remain in a partnership against his or her wishes.

**3.** The supreme court in *Haley* was construing the "Uniform Partnership Act" at 59 P.S. § 1 *et seq.* This act was repealed, consolidated and essentially reenacted at 59 Pa.C.S. § 301 *et seq.* The "Uniform Partnership Act," 59 Pa.C.S. § 301 *et seq.*, which was still in effect when this action was commenced, has been repealed, essentially reenacted at 15 Pa.C.S. § 8101 *et seq.* and renamed the "Partnership Code."

*Section 353 Causes of Dissolution*
Dissolution is caused:
 (1) Without violation of the agreement between the partners:
 (ii) By the express will of any partner when no definite term or particular undertaking is specified.
59 Pa.C.S. § 353.

Also, it is significant that the dissolution of a partnership does not mean that the partnership ceases doing business; rather dissolution "is the change in the relation of the partners caused by *any partner* ceasing to be associated in the carrying on, as distinguished from the winding up, of the business." 59 Pa.C.S. § 351 (emphasis added). Here, although the partners drafted a provision concerning the termination of the partnership, the agreement is silent as to dissolution.

The termination of a partnership is markedly different from the dissolution of a partnership. When a partnership has terminated it ceases doing business; when a partner effects a dissolution it simply means that partner is no longer associated with the business of the partnership.[4] Consequently, since the instant agreement does not concern the dissolution of the partnership, the relevant provisions of the Partnership Act will control. *Haley*, 460 Pa. at 242, 332 A.2d at 446.

We must now determine if this partnership was for a definite term or for a particular undertaking. Once again, if the partnership was for an indefinite term or not for a particular undertaking, Westbrook was free to dissolve the partnership at-will without violating the agreement. 59 Pa.C.S. § 353; *Haley, supra.* A review of the partnership agreement reveals that the partnership is not for a fixed term, and its purpose is set forth as follows:

> The purpose of the Partnership shall be the renovation, equipping and operation of a large personal care facility to be known as Old Elizabeth Manor and to be located at 310 Third Street, Elizabeth, Pennsylvania, ... and to do

---

**4.** The authors of the Uniform Partnership Act suggest the following delineation in distinguishing among various terms which apply to that process which leads to the final settlement of all partnership affairs: "Dissolution" designates that point in time when the partners cease to carry on the business together; "termination" is the point in time when all the partnership affairs are wound up; and "winding up" or "liquidation" is the process of settling partnership affairs after dissolution. This is judicially recognized as the correct sequence of events.
59A Am Jur 2d § 809, comment.

and perform any and all other acts as shall be necessary or incidental thereto.

In *Haley,* the partnership's purpose was to maintain and lease buildings on a tract of real property. *Haley,* 460 Pa. at 244, 332 A.2d at 447. The supreme court found that this undertaking was general and could not be said to set forth a "particular undertaking" within the meaning of the Act. *Id.*

> A "particular undertaking" under the statute must be capable of accomplishment at some time, although the exact time may be unknown and unascertainable at the date of the agreement. Leasing property, like many other trades or businesses, involves entering into a business relationship which may continue indefinitely; there is nothing "particular" about it.

*Id.* (footnote omitted). The purpose of the instant partnership was to renovate, equip and operate a personal care facility. Operating a personal care facility, like leasing property, may continue indefinitely; there is nothing particular about it. *Id.* Accordingly, Westbrook's decision to dissolve was not in violation of the agreement.

Having concluded that Westbrook did not violate the agreement when it effected a dissolution of the partnership, we further find that these parties should not be forced into arbitration. Since an expression of a will to dissolve is effective as a dissolution, Westbrook's equity action seeking dissolution effectively caused a dissolution of the partnership. *Haley, supra;* 59 Pa.C.S. § 353. Arbitration, by its very nature, presupposes the existence of a dispute and an ability to decide in favor of one party and against another. *See* 59A Am Jur 2d § 538. Clearly, when a party has an unqualified right to dissolve a partnership at-will there is nothing to arbitrate. Indeed, arbitration, in this case, would be futile. Therefore, since Westbrook's decision to dissolve at-will is not subject to arbitration, the trial court erred in staying these proceedings pending arbitration. *Sanitation Sewer Authority, supra.*

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.