678 A.2d 404

**Richard L. MYEROWITZ, M.D., Appellant,**

v.

**PATHOLOGY LABORATORY DIAGNOSTICS, INC.,**
**Carlos D. Bedetti, M.D., Nematollah Mirzabeigi,**
**M.D., and Robert D. Tronzo, M.D.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1996.

Filed June 10, 1996.

John W. Jordan, IV, Pittsburgh, for appellant.

Edward J. Kabala, Pittsburgh, for appellees.

Before TAMILIA, FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge.

Appellant comes before us challenging the trial court's granting of appellees' petition to stay appellant's petition for a preliminary injunction. The trial court granted the stay because it found that the matters in dispute were subject to arbitration and the court believed that the Uniform Arbitration Act mandated the granting of a stay, citing 42 Pa.C.S.A. § 7304(d). We disagree and will remand.

The parties before us are a corporate medical facility and its four shareholder physicians. Pitted against each other are our appellant, the former president and member of the board of directors of the corporate entity, and the appellees, the three remaining shareholders, who are also members of the board of directors, as well as the corporation itself.

The record reveals that while the four physician shareholders were essentially equal partners in the corporation, in some respects appellant was apparently first among equals. The following articles contained in the corporate by-laws established appellant's primacy:

4. The property and business of the corporation shall be managed by a Board of four (4) members, as shall be determined from time to time by the shareholders of the corporation.

Notwithstanding the foregoing, Richard L. Myerowitz, M.D., shall be a Director of the Corporation, until death or permanent disability, as defined in the Employment Contracts of the employee-shareholders of the Corporation, this directorship not to be subject to amendment, unless unanimously approved by the Board of Directors.

. . . .

6. A majority vote of the Board of Directors shall be required to carry any matter; except that, if there is a deadlock with respect to a vote on the involuntary termination of any pathologist-employee of the Corporation, then Richard L. Myerowitz, M.D., shall cast an additional vote in order to resolve such deadlock. A provision containing language to this effect shall be included in the Employment Contract of each physician-employee of the Corporation.

. . . .

11. The officers of the corporation, other than the President, who shall serve in accordance with the terms set forth below, shall be chosen by the Board of Directors for such terms and compensation as the Board of Directors may determine. Such officers shall consist of a President, such Vice Presidents as may be determined by the Board of Directors, and a Secretary–Treasurer. The President shall, at all times, be Richard L. Myerowitz, M.D., until death or permanent disability, as defined in the Employment Contracts of the employee-shareholders of the Corporation, this provision not to be subject to amendment, unless unanimously approved by the Board of Directors. The Board of Directors may, in the Board's discretion, leave any of the foregoing offices unfilled to the extent permitted by law. Any two or more offices may be held by the same person. The Board of Directors may from time to time appoint such additional officers, agents, employees and independent contractors as the Board shall deem advisable and prescribe their duties, conditions of employment and compensation. Subject to the power of the Board of Directors, the President may employ from time to time such other agents, employees and independent contractors as the President may deem advisable and prescribe their duties, conditions of employment and compensation.

Articles 4, 6, and 11 of the By-laws of Pathology Laboratory Diagnostics, Inc. Thus, the by-laws established appellant as permanent director and president of appellee corporation.

While he could be removed from either office by unanimous vote of the directors, obviously unanimity would require his vote also.

Appellee physicians apparently chafed under these circumstances, ultimately rebelling and seeking to establish a new equilibrium. They found the instrument of their independence within a loophole in a clause contained in the employment contracts signed by and between all four physicians and the corporation:

> 21. *Termination.* Employee's employment hereunder shall be terminated under the following conditions:
>
> . . . .
>
> (h) *Involuntary Termination.* Employee may be terminated by Employer, with or without cause, if such termination is approved by a majority of the Board of Directors of Employer. In the event of a deadlock with respect to such a vote by the Board, Richard L. Myerowitz, M.D. shall cast an additional tie-breaking vote which shall determine whether or not Employee's employment shall be terminated.

Employment Contract of Richard L. Myerowitz, M.D., dated February 27, 1992, clause 21(h) at 13 and 16. Thus, the curious and somewhat paradoxical situation arises wherein the three appellee shareholders, by uniting, could terminate appellant from his employment by appellee corporation, even while they could not directly remove appellant from his offices as director and president.

On November 17, 1994, the three appellee shareholders acted by serving notice of termination of employment, as required by the employment contract, upon appellant. According to the letter of termination, the appellee shareholders also amended the corporate by-laws, apparently to delete those portions favorable to appellant. The letter further demanded that appellant surrender his shares of stock on the corporation pursuant to a Stock Transfer Restriction Agreement, which required such surrender upon termination. Finally, the letter of termination also offered appellant re-

employment, albeit on a truly equal footing with the three appellee shareholders.

Appellant chose not to accept such employment. Rather, on November 23, 1994, appellant filed the instant suit in equity. Among the various reliefs eventually sought were injunctive relief prohibiting appellees from removing appellant from his offices as director and president of appellee corporation, from terminating appellant's employment, and from making representations to third parties regarding appellant's status. In the alternative, appellant sought the winding up and dissolution of the corporate appellee.

Ultimately, the injunctive relief requested by appellant was effectively denied by the staying of his petition by the court below pending arbitration. Both appellant's Employment Contract and the Stock Transfer Restriction Agreement contained clauses requiring the submission of any dispute arising thereunder to arbitration by the American Arbitration Association. The trial court ruled that it was required to stay appellant's petition for a preliminary injunction pursuant to the Uniform Arbitration Act:

> **(d) Stay of judicial proceedings.**—An action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only. If the application for an order to proceed with arbitration is made in such action or proceeding and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding.

42 Pa.C.S.A. § 7304(d).

The propriety of this ruling presents appellant's only issue on appeal, wherein he poses the following question:

> Should a petition for a preliminary injunction to preserve the status quo anti [sic] which is filed in an equity action

prior to the filing by the adverse party of a petition to stay the action pending arbitration be denied without hearing and without other consideration of its merits upon granting of the petition for stay?

Appellant's brief at 4.

■■■ Preliminarily, we must address a contention raised by appellees that the instant appeal is interlocutory in nature and must be quashed. We agree that, unless authorized as of right or by permission of court, the appeal of an interlocutory order must be quashed. *See Continental Bank v. Andrew Building Company*, 436 Pa.Super. 559, 648 A.2d 551 (1994). We note that an order compelling arbitration and staying court action is considered an unappealable, interlocutory order, because the parties are forced into, rather than put out of, court. *See Maleski v. Mutual Fire, Marine and Inland Insurance Co.*, 534 Pa. 575, 633 A.2d 1143 (1993). Moreover, there is specific statutory authority enabling the appeal of an order denying an application to compel arbitration. *See* 42 Pa.C.S.A. § 7320(a)(1). What is uncertain, however, is the appealability of an order which neither compels nor denies arbitration, but merely stays court action pending arbitration. We have found such an order to be appealable where the ultimate effect puts the litigant out of court. *See Canter's Pharmacy, Inc. v. Elizabeth Associates*, 396 Pa.Super. 505, 578 A.2d 1326 (1990). Today we determine whether the staying of injunctive relief pending arbitration is appealable.

We observe that the denial or refusal to enjoin is an interlocutory matter specifically authorized for appeal as of right by our Rules of Appellate Procedure. *See* Pa. R.A.P. 311(a)(4), 42 Pa.C.S.A. However, since the trial court neither denied nor refused the petition for an injunction, but rather only stayed it, the matter does not constitute the denial or refusal to enjoin that is appealable as of right. Nevertheless, we find that the matter is appealable under the rationale of *Canter's Pharmacy*.

Because the nature of the harm sought to be avoided by an injunction is one that is immediate and irreparable, the ulti-

mate effect of staying such a decision is tantamount to denying such relief. The appealability analysis is effectively a two-stage process; first, we ascertain whether the litigant has been put out of court as to the matter at issue, then we ascertain whether relief on that matter may still be obtained on appeal once all remaining matters are resolved. If the litigant has not been put out of court or if he or she may yet obtain relief once all matters are resolved, then the matter appealed is interlocutory and unappealable. However, by its very definition, immediate and irreparable harm cannot await resolution of matters still pending. A litigant so injured cannot obtain relief by appeal once all matters still pending are resolved. Thus, the staying of a petition for injunctive relief is effectively a denial of said petition for the purpose of appeal. As we stated in *Canter's Pharmacy:*

> Here, the order did not expressly direct or compel the parties to proceed to arbitration. Rather, the trial court stayed the proceedings pending arbitration. The effect of the instant order, however, is [that] ... no proceedings will take place in the court of common pleas until the arbitration process has concluded.
>
> In any event, an order temporarily staying proceedings is generally not appealable. *Reynolds Metals Company v. Berger*, 423 Pa. 360, 362, 223 A.2d 855, 856–857 (1966). However, if the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

*Canter's Pharmacy* at 507, n. 1, 578 A.2d at 1327, n. 1. We hold that the staying of a petition for injunctive relief pending arbitration is appealable as the effective equivalent of a final disposition. We now turn to the issue on appeal before us.

■ We find that our resolution of the issue presented is directly controlled by this court's prior decision in *Langston v. National Media Corporation*, 420 Pa.Super. 611, 617 A.2d 354 (1992). Therein we held that the Uniform Arbitration Act, as

codified at 42 Pa.C.S.A. § 7301 *et seq.*, does not preclude the granting of equitable relief in the nature of a preliminary injunction in order to preserve the *status quo ante* between the parties pending the outcome of arbitration. Following an examination of relevant federal and state decisions, we were guided to the conclusion that the arbitration process is best served by allowing such relief, stating, "Indeed, ... arbitration would become a 'hollow formality' if parties were able to irretrievably alter the status quo pending the outcome of the underlying dispute." *Langston* at 616, 617 A.2d at 356–57. We therefore found that a trial court could properly issue a preliminary injunction preserving the *status quo ante* provided that the prerequisites for such an injunction were present. Likewise, we so find instantly and will remand this matter to the trial court with directions that it is empowered to issue a preliminary injunction in this matter, providing that the trial court determines that the prerequisites for such relief are present and that such relief is appropriate. The trial court is not prohibited from issuing such relief by the Uniform Arbitration Act, as codified at 42 Pa.C.S.A. § 7301 *et seq.*

Accordingly, the order below, dated January 9, 1995 and entered January 13, 1995, is hereby vacated, and the matter is remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

TAMILIA, J., files a dissenting statement.

TAMILIA, Judge, dissenting:

I respectfully dissent. The majority misconstrues the effect of the claim for injunctive relief as to prevent irreparable harm. This is not the case as the arbitrators can make the appellant whole financially or in damages if his colleagues have not acted properly. Because of the arbitration clause, the trial court lacks jurisdiction and cannot usurp the function of the arbitration board to grant the relief requested to render the function of arbitration in this case meaningless.