**Lynne M. CAMPBELL, Executrix of the Estate of Thomas M. Campbell, Appellant,**

v.

**FITZGERALD MOTORS INC., JJF Management Services Inc., Michael P. Bentzen and James A Tortorella, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1998.
Filed March 17, 1998.

John N. Keller, Waynesboro, for appellant.

David C. Clever, Chambersburg, for Fitzgerald Motors and JJF Management Services, appellees.

Andrew Fylypovych, Philadelphia, for Michael P. Bentzen, appellee.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

CAVANAUGH, Judge:

Lynne Campbell, executrix of the estate of Thomas Campbell, appeals from an order that granted the preliminary objections of appellees and directed that the case be referred to arbitration. We quash.

Thomas Campbell was employed as general manager and president of Fitzgerald Motors, a subsidiary of JJF Management Services, from July 1, 1991 until his death on July 30, 1995. He owned 100 shares of Fitzgerald common stock, which constituted 10% of the company. Pursuant to Amended Articles of Incorporation and an Amended and Restated Stock Purchase Agreement, executed by Fitzgerald on December 7, 1993, Campbell exchanged the 100 shares of Fitzgerald common stock he owned for 100 shares of redeemable non-voting (Class B) common stock. In the event Campbell died while holding Class B stock, Fitzgerald was required to redeem the stock within six months of his death. The Amended Agreement also provided that "[i]n the event of any dispute concerning the interpretation or application of this" agreement, the parties would submit their differences to arbitration.

After Mr. Campbell's death, a dispute arose over the valuation of the Class B stock he owned. This dispute culminated in the filing of the present action in which appellant Lynne Campbell alleges that Fitzgerald and JJF, through their attorney Michael Bentzen, improperly denied the existence of the Amended Agreement for an eight month period. She also alleges that appellees employed an improper method for valuing the Class B stock. Appellees filed preliminary objections, alleging the suit should be dismissed on the basis of the arbitration clause contained in the Amended Agreement. Following argument, the trial court sustained appellees' preliminary objections, dismissed appellant's suit and referred the case to arbitration in accordance with the arbitration clause of the Amended Agreement. This appeal followed.

■ An order directing arbitration, whether statutory or common law, is an interlocutory order and is not immediately appealable. See Myerowitz v. Pathology Laboratory Diagnostics, Inc., 451 Pa.Super. 72, 678 A.2d 404 (1996)(order compelling arbitration is considered an unappealable, interlocutory order, because the parties are forced into, rather than put out of, court); Canter's Pharmacy, Inc. v. Elizabeth Associates, 396 Pa.Super. 505, 578 A.2d 1326 (1990)(order granting petition to proceed to arbitration is not subject to appellate review); Brennan v. General Accident Fire and Life, 307 Pa.Super. 288, 453 A.2d 356 (1982)(order directing common law arbitration is not an appealable order); United Services Automobile Association v. Shears, 692 A.2d 161 (Pa.Super.1997)(en banc)(Ford Elliott, J., dissenting)(an appeal from an order denying an application to compel arbitration is authorized by statute, but an appeal from an order granting such an application is not).[1]

1. We note that 42 Pa.C.S.A. § 7302(a) provides that an agreement to arbitrate is conclusively presumed to be an agreement to common law arbitration, unless the agreement to arbitrate is in writing and expressly provides for statutory arbitration. The arbitration clause in this case

We further note that after the trial court entered the order appealed from in this case, appellant filed a motion for clarification of order. Therein, appellant requested the court note its intention that its order be deemed final, in accordance with Pa.R.A.P. 341(b), in order to assure appellant's right to appeal. The court then entered an order that its prior order "is clarified to the extent that it is the intention of the Court that such Order is and should be deemed to be a "final order" as defined by Pennsylvania Rule of Appellate Procedure 341(b)."

■ Rule 341(b) simply provides the definition of a final order. Whether an order is final is based on the application of this definition. Pa.R.A.P. 341(c) provides that a court may make a determination of finality and enter an appealable final order (under defined circumstances not here present) where the court makes "an express determination that an immediate appeal would facilitate resolution of the entire case." Here, appellant's petition for clarification did not request a determination of finality in accordance with Rule 341(c), but rather only requested clarification that the order was final pursuant to Rule 341(b). Moreover, the trial court simply stated that it intended to enter a final order under Rule 341(b). The court did not make the requisite express determination, under Rule 341(c), that an immediate appeal would facilitate resolution of the entire case, nor could it, since this case does not present the circumstances described in Rule 341(c). *See* Note, Pa.R.A.P. 341. As such, the order appealed from in this case is interlocutory and will be quashed.

Appeal quashed.

does not indicate which method is to be employed. Thus, common law arbitration would be applicable. In any event, regardless of whether the rules of statutory or common law arbitration are applicable, an order compelling arbitration is interlocutory and unappealable. *See Myerowitz, Canter's Pharmacy, Brennan, United Services, supra.*